1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5774
     Fax:  (415) 703-5843
8    Email:  Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Curry
   SF2008401476

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     OAKLAND DIVISION

14

15  **WILLIE EDWARDS,**                      | 08-1923 CW

16                          Petitioner,      | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN** *HAYWARD*

17          v.

18  **BEN CURRY, WARDEN,**

19                          Respondent.      | Judge:  The Honorable Claudia Wilken

20

21                     **INTRODUCTION**

22      Petitioner filed a Petition for Writ of Habeas Corpus, contending that his due process rights

23  were violated by the Board of Parole Hearings' 2005 decision finding him unsuitable for parole.

24  The Court ordered a response to the Petition.  On May 16, 2008, the Ninth Circuit granted en

25  banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).  Petitioner's arguments in his

26  Petition rely heavily on reasoning that is no longer valid nor citable.  (See Pet at 6, 8, 9, 12; P&A,

27  generally.)  In fact, Petitioner asserts that he has a constitutionally protected liberty interest in

28  parole, an issue the en banc panel in *Hayward* is reviewing..  The en banc court in *Hayward* may

Resp't's Req. for Stay Pending *Hayward*; Alternative Req. for Ext. of Time          *Edwards v. Curry*
                                                                                      08-1923 CW

1   also decide the appropriate standard to be applied under clearly established federal law if there is

2   jurisdiction.  Accordingly, the outcome in *Hayward* will directly affect Petitioner's claims.

3          Respondent requests a stay of this case pending the issuance of the mandate in *Hayward*.

4   Should this Court deny this request for a stay, Respondent alternatively requests an extension of

5   time of thirty days from the Court's disposition of this request to file a responsive pleading.

6                                                    **ARGUMENT**

7                                                          **I.**

8   **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS**
    **MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***
9   **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND**
    **CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**
10  **GRANTING A STAY.**

11         A trial court has discretion to ensure the just and efficient determination of a case by

12  staying it pending the resolution of other proceedings where a stay would be "efficient for [the

13  court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

14  593 F.2d 857, 863 (9th Cir. 1979).  In determining whether to grant a stay, a court should

15  consider the possible damage that may result, the hardship or inequity that a party may suffer,

16  and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

17  questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

18  1098, 1109, 1111 (9th Cir. 2005).  A court should also take into account the existence of similar

19  cases that are pending in the same district court, and the probability that more are likely to be

20  filed. *Id.*  Staying cases that are on the forefront of an issue provides a necessary delay, allowing

21  for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

22         As the resolution of *Hayward* could significantly impact this case and numerous similar

23  cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

24  Court should exercise its discretion and stay this matter pending the issuance of the mandate in

25  *Hayward*.

26  ///

27  ///

28  ///

Resp't's Req. for Stay Pending *Hayward*; Alternative Req. for Ext. of Time                    *Edwards v. Curry*
                                                                                                    08-1923 CW

A.    **Moving Forward with This Case Before the Finality of**
       ***Hayward* Does Not Serve the Interest of Judicial Economy.**

Granting a stay in this case serves the interests of judicial order and economy. On May 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward* and oral argument was held on June 24, 2008. At issue before the en banc panel in *Hayward* are two issues which are necessary to the resolution of this case: 1) whether California has created a federally protected liberty interest in parole for life inmates, and 2) if a liberty interest is created, what process is due under clearly established Supreme Court authority. Resolution of these issues could establish that Petitioner does not have a federally protected liberty interest in parole, potentially allowing the Court to dismiss his claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the parties may need to submit supplemental briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may unnecessarily complicate the matters raised and would impair the orderly course of justice. Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the Court from having to revisit this matter if *Hayward* is modified or reversed.

A stay would also serve judicial order and economy by maintaining uniform treatment of like suits, as once the law is settled it can be uniformly applied. In many habeas petitions challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, No. 07-15347; *Boatman v. Brown*, No. 05-16199; *Smiley v. Hernandez*, No. 06-55727; *Valdivia v. Brown*, No. 08-15650; *Johnson v. Newland*, No. 04-16712; *Varner v. Brown*, No. 05-16029; *Johnson v. Finn*, No. 06-17042; *Clark v. Shepherd*, No. 06-55065; *Cooke v. Solis*, No. 06-15444.

Granting a stay would therefore conserve judicial resources and serve the Court's interest in orderly managing these proceedings.

B.    **A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

A stay of this case at the district level would not unfairly impose any additional or otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this

Resp't's Req. for Stay Pending *Hayward*; Alternative Req. for Ext. of Time

*Edwards v. Curry*
08-1923 CW

3

1  case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

2  final resolution.  Also, even if this court decides this case before *Hayward*, it is likely the losing

3  party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See*

4  Arg. I.A.)

**CONCLUSION**

6  When the equities are balanced, the parties' interests and the interests of judicial economy

7  support staying this case pending the final resolution of *Hayward*.  Staying this case until

8  challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

9  resolution of this matter, and will assist in maintaining uniformity of like suits pending before

10  this Court and similar cases that will be filed in the future.  Furthermore, because Petitioner's

11  claims directly involve the issues the en banc court is reviewing, the outcome in *Hayward* will

12  directly affect this Court's ruling.

13  Respondent therefore requests that the Court exercise its discretion to stay this matter

14  pending issuance of the mandate in *Hayward*.  Alternatively, should this Court decline to issue a

15  stay, Respondent respectfully requests an extension of time to file a responsive pleading.

16  Respondent requests that the Court grant an additional thirty days from the disposition of this

17  Motion to file an Answer or Motion to Dismiss.

19  Dated: July 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

Resp't's Req. for Stay Pending *Hayward*; Alternative Req. for Ext. of Time

*Edwards v. Curry*
08-1923 CW