TRACI S. MASON
LAW OFFICE OF TRACI S. MASON
45 E. Julian Street
San Jose CA 95112
(408) 286-2808

Attorneys for Petitioner,
WILLIE EDWARDS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| WILLIE EDWARDS, | 08-1923 CW |
| Petitioner, | ***OPPOSITION TO RESPONDENT'S MOTION FOR STAY*** |
| -vs- | |
| BEN CURRY, Warden, | |
| Respondent, | Judge: The Honorable Claudia Wilken |
| On Habeas Corpus._____/ | |

### INTRODCUTION

Respondent seeks a stay of these proceedings, arguing that it is necessary pending the Ninth Circuit's en banc panel resolution of outstanding issues in the case of *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008). Respondent alleges that the issues to be decided are whether or not life prisoners have a constitutionally protected liberty interest in parole and the appropriate standard of review to apply. Resp.'s Mot, pp. 1-2.[1]

---

[1] The Ninth Circuit granted en banc review in the case of *Hayward v. Marshall* and has asked for briefing regarding addressing whether the Court should vacate and defer submission pending

1

However, Respondent's contentions are without merit as these issues have already been determined. Moreover, as applied to this case, the resolution of *Hayward v. Marshall* will not affect the ultimate outcome. As is explained at length in the Memorandum of Points & Authorities in Support of the Petition filed on behalf of Petitioner, at pp 16-18, the current state of the laws is clear that there is a federally protected interest in parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 12 (1979), *McQuillion v. Duncan* [*McQuillion* I], 306 F.3d 895 (9th Cir. 2002); *Sass v. California Bd. of Prison Terms* [hereafter "*Sass II*"], 461 F.3d 1123 9th Cir. (2006). Thus, there is no need for a stay pending the *Hayward v. Marshall* decision, as the mandate to this Court is clear from the existing state and federal decisions.

## LEGAL ARGUMENT

### I. THE STAY IS NOT PROPER SINCE THE RESOLUTION OF HAYWARD WILL NOT DIRECTLY AFFECT MR. EDWARD'S CASE.

Petitioner does not challenge the authority of this Court to grant a stay in appropriate circumstances. Instead, what is clear is that circumstances justifying a stay are simply not present here. Respondent alleges that the case must be stayed in the interest of judicial economy. Resp.'s Mot., pp. 2-3. Respondent contends there are two (2) issues before the Ninth Circuit in *Hayward* that are necessary to the resolution of Mr. Edward's case:[2] 1) whether California has created a federally protected liberty interest in parole for life inmates, and 2) if a liberty interest is created, what process is due under clearly established Supreme Court authority. Resp.'s Mot., p. 3. However, as explained,

---

decisions in the cases of *In re Lawrence* (2007) 59 Cal. Rptr. 3rd 537, review granted at S154018, and *In re Shaputis.* (non published opinion), review granted at S155872. However, as applied to this case, the resolution of *Lawrence* and *Shaputis* will not affect the ultimate outcome of this case. The current state of the laws is clear, and even the California Supreme Court's inclinations are clear from how they have handled the existing cases that have come down since their decision in the matter of *In re Rosenkrantz* [*Rosenkrantz V*], 29 Cal. 4th 616 (2002).

*infra*, these issues have already been resolved, and Petitioner submits that all issues relevant to Mr. Edward's case have already been decided, thus the requested stay is not warranted. Moreover, *Hayward v. Marshall* is quite distinguishable from Mr. Edward's case. In *Hayward v. Marshall*, Ronald Hayward was a member of the Vagos motorcycle gang, rode to a bar in Sierra Madre, California where he confronted a man who had, by differing accounts, either battered or slapped and attempted to rape Hayward's then girlfriend. A fight ensued between the two men and Hayward stabbed the man to death twelve (12) times. *Hayward v. Marshall* additionally involves a Governor reversal based on the egregiousness of the crime. Here, Mr. Edwards was convicted of second degree accomplice murder, after declining a plea for manslaughter in exchange for testimony against co-defendants Mr. Edwards was not the actual killer. Mr. Edward's crime ***clearly*** does not rise to the level of egregiousness of Mr. Hayward's case nor does his case involve a reversal of a grant of parole. As such, granting a stay in this matter in the interest of judicial resources is unnecessary given the inapplicability of *Hayward v. Marshal* to Mr. Edward's case.

## II. RESPONDENT'S MOTION FOR A STAY LACKS MERIT.

### A. IT HAS ALREADY BEEN DETERMINED THAT MR. EDWARDS HAS A LIBERY INTEREST IN PAROLE.

Respondent argues that the issues pending in *Hayward* necessitate a stay in Mr. Edward's case based on Respondent's assertion that the Ninth Circuit will be determining whether California has created a federally protected liberty interest in parole for life inmates. Resp.'s Mot., p. 3. Contrary to Respondent's assertions, federal law has clearly established that Mr. Edwards has a liberty interest in parole. In *Board of Pardons v. Allen*, 482 U.S. 369-377-78 (1987), a case decided ***after*** *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979), the Supreme Court stated that a liberty interest could arise out of the state's use of mandatory language in their parole statute.

---

[2] Respondent asserts that Mr. Edward's petition relies heavily on reasoning that is no longer valid nor citable. Resp.'s Mot., p. 1. This is incorrect as the remaining Ninth Circuit decisions cited by Petitioner are still valid and citable.

3

*Allen*, 482 U.S. at 377-78. Thereafter, the Ninth Circuit specifically found that the Supreme Court's language in *Sandin v. Conner*, 515 U.S. 472 (1995), did not hold that the reasoning in *Allen* was inapplicable to the parole system, and thus had no effect on the law governing parole in this circuit. *McQuillion v. Duncan [McQuillion I]*, 306 F.3d 895, 902 (9th Cir. 2002);[3] *see also, Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) [noting that *Sandin* was decided only in the context of prison conditions, not parole eligibility, declined to apply its reasoning in a parole context]; *Ellis v. District of Columbia*, 84 F.3d 1413, 1418 (D.C. Cir. 1996) [declining to follow *Sandin's* reasoning because, *Greenholtz* and *Allen* were directly on point as they both dealt with a prisoner's liberty interest in parole – *Sandin* did not].

The Ninth Circuit has even addressed the argument often proffered by the Attorney General's Office that *In re Dannenberg*, 34 Cal.4th 1061 (2005) did away with the liberty interest in parole, concluding that "*Dannenberg* [did] not explicitly or implicitly hold that there is no constitutionally protected liberty interest in parole." *Sass v. California Bd. of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir. 2006). The Ninth Circuit then went on to explicitly hold that California inmates do have a liberty interest in parole. *Id.* at 1123, see also *Irons v. Carey,* 505 F.3d 846 (9th Cir. 2007), *McQuillion I*, 306 F.3d at 904.

Therefore, it is beyond dispute that Mr. Edwards has a liberty interest in parole and the in light of the established precedent, this Court will summarily reject any argument that this issue remains outstanding, thus warranting a stay in Mr. Edward's case.

### B.   CLEARLY ESTABLISHED SUPREME COURT LAW PROVIDES THAT A REVIEWING COURT MUST APPLY THE "SOME EVIDENCE" STANDARD TO PAROLE DECISIONS.

Respondent further alleges that *Hayward v. Marshall* will be determining what process is due under clearly established Supreme Court authority. Resp.'s Mot., p. 3.

However, this position has also already been addressed and the law is clear – due process requires judicial review of the record before the Board to determine if "some evidence" in the record supports the Board's decision to deny parole. This standard comes from the Supreme Court's decision in *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), wherein the Court ruled that due process requires judicial review of the sufficiency of the evidence when a liberty interest is invoked, and in that context, applied the "some evidence" standard to prison disciplinary hearings. Thereafter, the Ninth Circuit has repeatedly cited *Hill* in *Sass, Irons II* and *McQuillion* as a basis for applying the "some evidence" standard to parole hearings. See also *Jancsek v. Oregon Bd. Of Parole*, 833 F.2d 1389 (9th Cir. 1987) [adopting the "some evidence" standard]. As noted in *Irons II*, the Supreme Court had "clearly established that the parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by "'some evidence in the record.'" *Id.* at 850-851, *citing*, Hill, 472 U.S. at 457; *Sass*, 461 F.3d at 1128-20; *Biggs v. Terhune,* 334 F.3d, 910, 915 (9th Cir. 2003) and *McQuillion I*, 306 F.3d at 904.

Therefore, federal case law is now crystal clear that when an inmate challenges the Board's decision to deny parole, the reviewing court ***must*** determine if there is any evidence that could support the Board or Governor's conclusion that the inmate currently presents an unreasonable risk of danger if released. *Sass,* 461 F.3d at 1128; *Blankenship v. Kane,* ___F.Supp.___[2007 WL 1113798] (2007 N.D. Cal); *Rosenkrantz v. Marshall, (Rosenkrantz VI)* 444 F.Sup.2d 1063,1079 (C.D. Cal., 2006); *Martin v. Marshall*, 431 F.Supp.2d 1038, 1042-1043 (N.D. Cal., 2006); *Sanchez v. Kane,* 444 F.Supp.2d 1049, 1058 (C.D. Cal., 2006). As such, this issue has been determined and does not warrant a stay in Mr. Edward's case pending the outcome of *Hayward v. Marshall.*

### III.   STAYING MR. EDWARD'S CASE WILL CREATE UNFAIR PREJUDICE.

Mr. Edwards has been incarcerated for over nineteen (19) years, twenty three (23) years with good time credits. As a result, he has now served more than six (6) years ***over*** the equivalent of the high end of his uniform term established by the matrix for his crime.

Further, Mr. Edwards' term of imprisonment has almost exceeded the maximum aggravated base term for the most heinous **second-degree murders** prescribed under the Matrix, and with credit has entered the Matrix for first degree, premeditated, deliberated murder even though he was only convicted of second degree accomplice murder. *See Cal. Code Regs*, tit. 15, §2403(c).

There is nothing in Petitioner's offense that rises above the minimum elements of the crime of second degree murder and thus, it clearly cannot be found particularly egregious when weighed against other second degree murders. As such, granting a stay in this case will clearly prejudice Mr. Edwards, who has already far exceeded his term, despite impeccable programming, rehabilitation and full psychological clearance. Exh. B, pp. 99-11. As conceded by Respondent, any decision rendered by the Ninth Circuit in *Hayward v. Marshall* will most likely compel further briefing. Resp.'s Mot., p. 3. This will create undue delay in Mr. Edward's case. Thus, given the inapplicability of *Hayward v. Marshall* to Mr. Edward's case, the delay would amount to clear prejudice.

Furthermore, as explained *supra*, contrary to Respondent's position, the issues regarding liberty interest in parole and standard of review have already been determined, thus there will be no dismissal for lack of jurisdiction. Nor is there any concern over judicial resources as the proceedings in *Hayward v. Marshall* will most likely not have any bearing on the outcome of Mr. Edward's case.

//
//
//
//
//
//
//
//
//
//

## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court deny the requested stay in its entirety, and order the Board to complete their task of setting a release date for Mr. Edwards forthwith.

Dated: July 22, 2008            Respectfully submitted,

LAW OFFICE OF TRACI S. MASON

By_____
TRACI S. MASON
Attorneys for Petitioner,
WILLIE EDWARDS